UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2010 OCT -5 PM 2: 06
US DISTRICT COURT
MIDDLE DISTRICT OF FL
ORLANDO FLORIDA

JESUS TACORONTE

    Plaintiff,

-v-

COLLECTION COMPANY OF AMERICA,

M. R. S. ASSOCIATES, INC, IBERIA BANK DIRECT LLC

FREDDIE MAC FEDERAL HOME LOANS

AMERICAN EXPRESS CO, BARCLAYS BANK OF DELEWARE, AMERICAN ACCOUNT REVIEW,

AMERICAN EXPRESS 2, MRS BPO, LLC

RESURGENT CAPITOL SERVICES, CENTRAL PORTFOLIO CONTROL,

BEST INTEREST RATE MORTGAGE COMPANY,

WESTERN SIERRA ACCEPTANCE, ZAKHEIM AND ASSOCIATES,

IC SYSTEMS INC, CONSUMER CREDIT SERVICERS,

CREDITORS INTERCHANGE, MERCHANT ASSOCIATON OF FL,

EOS CCA, BLUE CHIP MORTGAGE WHOLESALE,

PARNTERS FIRST AFFINITY, LDG FINANCIAL, GC SERVICES LIMITED PARTNERSHIP, EQUABLE ASCENT FINANCIAL, FIRST ADVANTAGE CREDCO, HOLLOWAY CREIDT SOLUTIONS, LLC., RAB INC, RUBIN & DEBSKI P.A., TRANSWORLD SYSTEMS INC, CREDIT COLLECTION SERVICES INC, TATE KIRLIN ASSOCIATES, NCO FINANCIAL SYSTEMS, INC, LEXISNEXIS RISK DATAT RETRIEVAL SERVICES, LLC, FRED HANNA

    Defendants

Case No. 6:10-CV-1477-ORL-18-DAB

## COMPLAINT

Plaintiff, Jesus Tacoronte, individually hereby sues Defendants, COLLECTION COMPANY OF AMERICA, M. R. S. ASSOCIATES, INC, FREDDIE MAC FEDERAL HOME LOANS, AMERICAN EXPRESS CO, AMERICAN ACCOUNT REVIEW, AMERICAN EXPRESS 2, RESURGENT CAPITOL SERVICES, CENTRAL PORTFOLIO CONTROL, BEST INTEREST RATE MORTGAGE COMPANY, WESTERN SIERRA ACCEPTANCE, ZAKHEIM AND ASSOCIATES, IC SYSTEMS INC, CONSUMER CREDIT SERVICES, CREDIT ONE BANK, LVNV FUNDING, LLC, MRS BPO, LLC CREDITORS INTERCHANGE, MERCHANT ASSOCIATON OF FL, EOS CCA, BLUE CHIP MORTGAGE WHOLESALE, PARNTERS FIRST AFFINITY, LDG FINANCIAL SERVICES, EQUABLE ASCENT FINANCIAL, FIRST ADVANTAGE CREDCO, GC SERVICES LIMTED PARTNERSHIP, HOLLOWAY CREDIT SOLUTIONS, LLC., RAB INC, RUBIN & DEBSKI P.A., TRANSWORLD SYSTEMS INC, CREDIT COLLECTION SERVICES INC, TATE KIRLIN ASSOCIATES, NCO FINANCIAL SYSTEMS, INC, LEXISNEXIS RISK DATAT RETRIEVAL SERVICES, LLC, IBERIA BANK DIRECT LLC, BARCLAYS BANK OF DELEWARE.

## PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*; for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*; and for damages for damages for violations of the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559(Part VI) *et seq..*

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p, 15 U.S.C. §1692k and Fla. Stat. §559.77.

3. Venue is proper in this Circuit pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77.

4. This is an action for damages which exceed $75,000.00.

5. Plaintiff, Jesus Tacoronte, is a natural person and is a resident of the State of Florida.

6. Defendant, COLLECTION COMPANY OF AMERICA is a foreign corporation, not authorized to do business in Florida.

7. Defendant, M.R.S. ASSOCIATES INC is a foreign corporation, authorized to do business in Florida.

8. Defendant, MERCHANTS ASSOCIATION OF FLORIDA, is a Florida non for profit company authorized to do business in Florida.

9. Defendant, THE ZAKEIM LAW GROUP, is a Florida LLC and authorized to do business in Florida.

10. Defendant, AMERICAN ACCOUNT REVIEW, is an unknown entity.

11. Defendant, BLUE CHIP MORTGAGE WHOLESALE. ("Blue Chip"), is a Florida corporation, authorized to do business in Florida.

12. Defendant, I. C SYTEMS is a Minnesota corporation, and is not authorized to do business in Florida.

13. Defendant, LDG FINANCIAL SERVICES, is a foreign corporation, authorized to do business in Florida.

14. Defendant, CONSUMER CREDIT SERVICES INC, is a Florida corporation, authorized to do business in Florida.

15. Defendant, PARNTERS FIRST AFFINITY, is an unknown entity.

16. Defendant, CREDITORS INTERCHANGE RECEIVABLES MANAGEMENT, LLC. is a foreign corporation, authorized to do business in Florida.

17. Defendant, EQUABLE ASCENT FINANCIAL, LLC, is a foreign corporation, authorized to do business in Florida.

18. Defendant, WESTERN SIERRA ACCEPTANCE CORPORATION, is a foreign corporation, authorized to do business in Florida.

19. Defendant, BEST INTEREST RATE MORTGAGE COMPANY LLC is a foreign corporation not authorized to do business in Florida.

20. Defendant, CENTRAL PORTFOLIO CONTROL, INC. is a foreign corporation, authorized to do business in Florida.

21. Defendant, AMERICAN EXPRESS COMPANY ("American Express"), is a New York corporation, authorized to do business in Florida.

22. Defendant, RESURGENT CAPTIAL SERVICES, LLC, is a foreign corporation, authorized to do business in Florida.

23. Defendant, GC LIMITED PARTNERSHIP is a foreign corporation, authorized to do business in Florida.

24. Defendant, FREDDIE MAC FEDERAL HOME LOANS is a foreign corporation, not authorized to do business in Florida.

25. Defendant, AMERICAN EXPRESS 2, is an unknown entity.

26. FRED HANNA Attorney at Law is a foreign corporations not authorized to do business in Florida.

27. Defendant, FIRST ADVANTAGE CREDCO is a foreign corporation, authorized to do business in Florida.

28. Defendant, HOLLOWAY CREDIT, LLC is an unknown entity.

29. Defendant, RAB INC IS AN unknown entity.

30. Defendant, RUBIN & DEBSKI P.A. is a Florida corporation licensed to do business in Florida.

31. Defendant, TRANSWORLD SYSTEMS INC, is a foreign corporation, authorized to do business in Florida.

32. Defendant, CREDIT COLLECTION SERVICES INC, is a Florida corporation, authorized to do business in Florida.

33. Defendant, TATE KIRLIN ASSOCIATES, is a foreign corporation, not authorized to do business in Florida.

34. Defendant, NCO FINANCIAL SYSTEMS, INC, is a foreign corporation, not authorized to do business in Florida.

35. Defendant, LEXISNEXIS RISK DATAT RETRIEVAL SERVICES, LLC, is a foreign corporations authorized to do business in Florida.

36. Defendant, MRS BPO, LLC, is a foreign corporations authorized to do business in Florida.

37. Defendant, IBERIA BANK, is a foreign corporations authorized to do business in Florida.

38. Defendant, BARCLAYS BANK OF DELEWARE is a foreign corporation not authorized to do business in Florida.

39. Defendant, EOS, CCA is a foreign corporation not authorized to do business in Florida.

All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

Defendants are in violation of the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681b by initiating credit report pulls with no permissible purpose from the credit bureaus therefore lowering Plaintiffs credit scores. There was no authorization by the Plaintiff for the Defendants to pull the credit reports. Defendants are in violations of the Fair Debt Collections Practices Act (FDCPA) and the Florida Consumer Collections Practices Act (FCCPA), F. S. §559 (Part VI).


Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681b(f) provides:
"A person shall not use or obtain a consumer report for any purpose unless—
    (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

(2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

## COUNT I
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 BY DEFENDANTS

40. On March 18, 2010, COLLECTION COMPANY OF AMERICA initiated a pull of Plaintiff's credit report from Experian without permissible purpose, thereby reducing his credit score. Plaintiff demands judgment in the amount of $1000.

41. On February 18, 2010, M.R.S. ASSOCIATES INC initiated a pull of Plaintiff's credit report from Experian without permissible purpose, thereby reducing his credit score. Plaintiff demands judgment in the amount of $1000.

42. On November 13, 2009, AMERICAN EXPRESS CO initiated a pull of Plaintiff's credit report from Experian without permissible purpose, thereby reducing his credit score. Plaintiff demands judgment in the amount of $1000.

43. On November 13, 2009, AMEX ACCOUNT REVIEW initiated a pull of Plaintiff's credit report from Experian without permissible purpose, thereby reducing his credit score. Plaintiff demands judgment in the amount of $1000.

44. On October 26, 2009, AMERICAN EXPRESS 2 initiated a pull of Plaintiff's credit report from Experian without permissible purpose, thereby reducing his credit score. Plaintiff demands judgment in the amount of $1000.

45. On August 12, 2009, October 14, 2009, and October 8, 2009 RESURGENT CAPITAL SERVICES initiated pulls of Plaintiff's credit report from Experian without permissible purpose, thereby reducing his credit score. Plaintiff demands judgment in the amount of $3000.

46. On August 19, 2009, CENTRAL PORTFOLIO CONTROL initiated a pull of Plaintiff's credit report from Experian without permissible purpose, thereby reducing his credit score. Plaintiff demands judgment in the amount of $1000.

47. On October 26, 2009, AMERICAN EXPRESS 2 initiated a pull of Plaintiff's credit report from Experian without permissible purpose, thereby reducing his credit score. Plaintiff demands judgment in the amount of $1000.

48. On June 30, 2009, BEST INTEREST RATE MORTGAGE COMPANY initiated a pull of Plaintiff's credit report from Experian without permissible purpose, thereby reducing his credit score. Plaintiff demands judgment in the amount of $1000.

49. On June 26, 2009, WESTERN SIERRA ACCEPTANCE initiated a pull of Plaintiff's credit report from Experian without permissible purpose, thereby reducing his credit score. Plaintiff demands judgment in the amount of $1000.

50. On March 27, 2009, ZAKHIEM AND ASSOCIATES initiated a pull of Plaintiff's credit report from Experian without permissible purpose, thereby reducing his credit score. Plaintiff demands judgment in the amount of $1000.

51. On January 11, 2009, I C SYSTEMS, INC. initiated a pull of Plaintiff's credit report from Experian without permissible purpose, thereby reducing his credit score. Plaintiff demands judgment in the amount of $1000.

52. On August 22, 2009, CONSUMER CREDIT SERVICES initiated a pull of Plaintiff's credit report from Experian without permissible purpose, thereby reducing his credit score. Plaintiff demands judgment in the amount of $1000.

53. On June 25, 2008 and September 29th, 2008, MERCHANT ASSOCIATION OF FLORIDA initiated a pull of Plaintiff's credit report from Experian without

permissible purpose, thereby reducing his credit score. Plaintiff demands judgment in the amount of $2000.

54. On September 18th, 2009, CREDITORS INTERCHANGE initiated a pull of Plaintiff's credit report from Experian without permissible purpose, thereby reducing his credit score. Plaintiff demands judgment in the amount of $1000.

55. On March 20th, 2009, BACLAYS BANK DELEWARE initiated a pull of Plaintiff's credit report from Experian without permissible purpose, thereby reducing his credit score. Plaintiff demands judgment in the amount of $1000.

56. On May 22nd, 2010, FIRST ADVANTAGE CREDITCO initiated a pull of Plaintiff's credit report from Experian without permissible purpose, thereby reducing his credit score. Plaintiff demands judgment in the amount of $1000.

57. On December 23, 2008, LEXISNEXIS pulled Plaintiffs credit 3 times. On April 28, 2009 Defendant LEXISNEXIS pulled Plaintiffs credit twice and on April December 29th, 2008 pulled Plaintiffs credit, at all times without permissible purpose, thereby reducing his credit score. Plaintiff demands judgment in the amount of $6000.

58. On February 18th, 2010 MRS BPO, LLC initiated a pull of Plaintiff's credit report from Experian without permissible purpose, thereby reducing his credit score. Plaintiff demands judgment in the amount of $1000.

59. On July 12th, 2010 IBERIA BANK DIRECT LLC initiated a pull of Plaintiff's credit report from Experian without permissible purpose, thereby reducing his credit score. Plaintiff demands judgment in the amount of $1000.

60. On March 20, 2009, FRED HANNA initiated a pull of Plaintiff's credit report from Equifax without permissible purpose, thereby reducing his credit score. Plaintiff demands judgment in the amount of $1000.

61. On March 30, 2010, EOS, CCA initiated a pull of Plaintiff's credit report from Equifax without permissible purpose, thereby reducing his credit score. Plaintiff demands judgment in the amount of $1000.

62. On January 6, 2010, FREDDIE MAC FEDERAL HOME LOANS initiated a pull of Plaintiff's credit report from Equifax without permissible purpose, thereby reducing his credit score. Plaintiff demands judgment in the amount of $1000

**WHEREFORE,** Plaintiff demands judgment for damages against Plaintiffs for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

### COUNT II
### VIOLATION OF FAIR DEBT COLLECTION
### PRACTICES ACT (FDCPA), 15 U.S.C. §1692
### BY DEFENDANTS

63. Plaintiff is a consumer within the meaning of §1692a (3).

64. Defendants COLLECTION COMPANY OF AMERICA violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

65. Defendants M.R.S. ASSOCIATES INC violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

66. Defendants AMERICAN EXPRESS CO violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

67. Defendants AMEX ACCOUNT REVIEW violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

68. Defendants AMERICAN EXPRESS 2 violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

69. Defendants, RESURGENT CAPITAL SERVICES violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

70. Defendants, CENTRAL PORTFOLIO CONTROL violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

71. Defendants BEST INTEREST RATE MORTGAGE COMPANY violated §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

72. Defendants WESTERN SIERRA ACCEPTANCE violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to

collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

73. Defendants AMERICAN EXPRESS 2 violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

74. Defendants ZAKHIEM AND ASSOCIATES violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

75. Defendants I C SYSTEMS, INC. violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

76. Defendants CONSUMER CREDIT SERVICES violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

77. Defendants MERCHANT ASSOCIATION OF FLORIDA violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

78. Defendants CREDITORS INTERCHANGE violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any

debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

79. Defendants BACLAYS BANK DELEWARE violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

80. Defendants FIRST ADVANTAGE CREDITCO violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

81. Defendants, LEXISNEXIS violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

82. Defendants MRS BPO, LLC violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

83. Defendants IBERIA BANK DIRECT LLC violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

84. Defendants FIRST ADVANTAGE CREDITCO sent a letter attempting to collect on a nonexistent alleged debt and violated §1692e (10) by the use of any

false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

85. Defendants GC LITMITED PARTNERSHIP sent a letter attempting to collect on a nonexistent alleged debt and violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

86. Defendants RAB INC sent a letter attempting to collect on a nonexistent alleged debt and violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

87. Defendants CREDITORS INTERCHANGE RECIEVABLES sent a letter attempting to collect on a nonexistent alleged debt and violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

88. Defendants RUBIN & DEBSKI P.A. sent a letter attempting to collect on a nonexistent alleged debt and violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

89. Defendants TRANSWORLD SYSTEMS sent eleven letters attempting to collect on a nonexistent alleged debt. Plaintiff demands judgment in the amount of $11,000.

90. Defendants CREDIT COLLECTION SERVICES sent a letter attempting to collect on a nonexistent alleged debt and violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

91. Defendants TATE KIRLIN sent a letter attempting to collect on a nonexistent alleged debt and violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

92. Defendants NCO FINANCIAL sent a letter attempting to collect on a nonexistent alleged debt and violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

93. Defendants EQUABLE FINANCE sent a letter attempting to collect on a nonexistent alleged debt and violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

**WHEREFORE,** Plaintiff demands judgment for damages against Plaintiffs for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

## COUNT III
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCA), §559(Part VI) BY DEFENDANTS

94. Paragraphs 1 through 122 are realleged as though fully set forth herein.

95. Plaintiff is a consumer within the meaning of §559.55(2).

96. Defendants FIRST ADVANTAGE CREDITCO violated §559.72(7) by willfully communicating with Plaintiff with such frequency as could reasonably be expected to harass Plaintiff and violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate. Plaintiff demands judgment in the amount of $2000.

97. Defendants GC LITMITED PARTNERSHIP violated §559.72(7) by willfully communicating with Plaintiff with such frequency as could reasonably be expected to harass Plaintiff and violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate. Plaintiff demands judgment in the amount of $2000.

98. Defendants RAB INC violated §559.72(7) by willfully communicating with Plaintiff with such frequency as could reasonably be expected to harass Plaintiff and violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate. Plaintiff demands judgment in the amount of $2000.

99. Defendants CREDITORS INTERCHANGE RECIEVABLES violated §559.72(7) by willfully communicating with Plaintiff with such frequency as could reasonably be expected to harass Plaintiff and violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate. Plaintiff demands judgment in the amount of $2000.

100. Defendants RUBIN & DEBSKI P.A. violated §559.72(7) by willfully communicating with Plaintiff with such frequency as could reasonably be expected to harass Plaintiff and violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate. Plaintiff demands judgment in the amount of $2000.

101. Defendants TRANSWORLD SYSTEMS violated §559.72(7) by willfully communicating with Plaintiff with such frequency as could reasonably be expected to harass Plaintiff and violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate. Plaintiff demands judgment in the amount of $2000.

102. On or about May 1st, 2009, CREDIT COLLECTION SERVICES violated §559.72(7) by willfully communicating with Plaintiff with such frequency as could reasonably be expected to harass Plaintiff and violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate. Plaintiff demands judgment in the amount of $2000.

103. On or about May 13th, 2010, TATE KIRLIN violated §559.72(7) by willfully communicating with Plaintiff with such frequency as could reasonably be expected to harass Plaintiff and violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate. Plaintiff demands judgment in the amount of $2000.

104. On or about December 19th, 2008, NCO FINANCIAL violated §559.72(7) by willfully communicating with Plaintiff with such frequency as could reasonably be expected to harass Plaintiff and violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate. Plaintiff demands judgment in the amount of $2000.

105. On or about September 5, 2008, EQUABLE FINANCE violated §559.72(7) by willfully communicating with Plaintiff with such frequency as could reasonably be expected to harass Plaintiff and violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate. Plaintiff demands judgment in the amount of $2000.

**WHEREFORE,** Plaintiff demands judgment for damages against Plaintiffs for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted,

_____
JESUS TACORONTE
10524 MOSS PARK RD
SUITE 204-225
ORLANDO, FL 32832
TBMISSIONS@GMAIL.COM
407-401-2663