UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION



FILED

2010 OCT 21  PM 12: 37

US DISTRICT COURT
MIDDLE DIST. OF FL

JESUS TACORONTE

     Plaintiff,

-v-

COLLECTION COMPANY OF AMERICA,

et al.,

     Defendants

Case No. 6:10-cv-01477-JA-DAB

_____/

## PLAINTIFFS RESPONSE TO ORDER TO SHOW CAUSE

1. Plaintiff hereby responds in opposition to Order to Show Cause of dated the 8th of October, 2010 as to why the Plaintiffs claims against Defendants should not be severed.

2. Federal Rules of Civil Procedure 20(a) states; *Persons — as well as a vessel, cargo, or other property subject to admiralty process in rem — may be joined in one action as defendants if*: 20(2)(b) *it is clear that any question of law or fact common to all Defendants*. Here the Defendants have all violated the same exact statutes; the Fair Credit Reporting Act 15 U.S.C. §1681, Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559(Part VI) and the question of law or fact is common to all the Defendants.

3. Furthermore, it may be that some or all of the Defendants have attempted to collect on the same alleged debt. Therefore, Federal Rules of Civil Procedure 20(1)(a) *states that*

*any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences.*

4.  It is impossible for the Plaintiff to provide evidence before proceeding to the discovery stage of the law suit. To impose upon him this burden of proof is an impossibility at this stage of the lawsuit.

5.  The Supreme Court has instructed the lower courts to employ a liberal approach to permissive joinder of claims *and* parties in the interest of judicial economy: "Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs,* 383 U.S. 715, 724, 86 S.Ct. 1130, 1137, 16 L.Ed.2d 218 (1966).

6.  For the purposes of Rule 13(a), "`[t]ransaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Moore v. New York Cotton Exchange,* 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750 (1926)

7.  Accordingly, "all `logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence."*See Mosley v. General Motors,* 497 F.2d at 1333(8th Cir.1974).

8.  The second prong of Rule 20 does not require that *all* questions of law and fact raised by the dispute be common, but only that *some* question of law or fact be common to all parties. See *Mosley v. General Motors,* 497 F.2d at 1333(8th Cir.1974).

9. Several courts have found that the question of the discriminatory character of Defendants' conduct can satisfy the commonality requirement of Rule 20. *See Mosley v. General Motors*, 497 F.2d at 1334(8th Cir.1974).

10. Given the common core of allegations, the substantial overlap of the particular claims, and the logical interconnection of the Defendants violations of the law, it would unduly burden the Plaintiff if Plaintiff were required to file 34 different cases.

11. For the Court to require the Plaintiff to file an additional 33 cases would put an undue burden on the Middle District of Florida Courts to deal with this flood of additional cases.

12. In the alternative, the Plaintiff request that the Honorable David B. Baker, United States Magistrate Judge decides that the Plaintiff must file separate cases against each Defendant; all of the 34 separate cases remain with the Honorable Judge David B. Baker until the conclusion of such cases.

**Wherefore**, Plaintiff respectfully requests the Court will not make the Plaintiff sever the Defendants and allow the case to continue as filed.

Respectfully submitted,

Jesus Tacoronte
2941 Tindall Acres Rd.
Kissimmee, FL 34744
407-401-2663