**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JESUS TACORONTE,**

        **Plaintiff,**

**-vs-**                                                 **Case No. 6:10-cv-1477-Orl-18DAB**

**COLLECTION COMPANY OF**
**AMERICA, et al.,**

        **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause comes before the Court on its own initiative. Plaintiff filed suit under the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and the Florida Consumer Collection Practices Act against thirty-four separate Defendants who he alleges "initiat[ed] credit report pulls with no permissible purpose from the credit bureaus therefore allegedly lowering Plaintiff's credit score" and improperly collected information about him. Doc. 1. Because it appeared that the thirty-four Defendants were improperly joined in one suit, Plaintiff was ordered to show cause why his claims against the Defendants should not be severed and Plaintiff ordered to file a separate case against each Defendant[1]. On October 21, 2010 Plaintiff filed a response stating that some of the Defendants "may" have collected on the same debt. For the reasons that follow, it is respectfully **RECOMMENDED** that Plaintiff's claims against the various Defendants be **SEVERED** and he be ordered to file separate actions against each Defendant.

---

[1] Plaintiff sued Citi Mortgage and Central Credit Services in *Tacoronte v. Citi Mortgage*, Case No. 6:10-cv-1395 for similar claims; on October 20, 2010 she filed a notice in that case stating that there were no related cases.

*Federal Rule of Civil Procedure 20*

Pursuant to Federal Rule of Civil Procedure 20, which allows permissive joinder of claims, a plaintiff may join claims against defendants if the claims "aris[e] out of the same transaction, occurrences, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." FED. R. CIV. P. 20(a)[2]. A party seeking joinder of claimants under Rule 20 must establish two prerequisites: (1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and (2) some question of law or fact common to all persons seeking to be joined. *Alexander v. Fulton County,* 207 F.3d 1303, 1323 (11th Cir. 2000). The central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits. *Id.* The purpose of the Rule is to entertain "the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs,* 383 U.S. 715, 724 (1966). Although the preconditions for permissive joinder are construed generously to permit the broadest scope of action commensurate with traditional notions of justice and fair play, the court possesses equally broad discretion to sever parties based on misjoinder. *See Alexander,* 207 F.3d at 1323. Rule 20(b) and Rule 42(b) vest in the district court the discretion to order separate trials or make such other orders as will prevent delay or prejudice. *Id.* "All logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Id*. The determination of whether the situation constitutes the same transaction or occurrence for purposes of Rule 20 is determined on a case by case basis. *Mosley v. General Motors*

---

[2]Federal Rule of Civil Procedure 20(a) states in pertinent part:
All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities. Fed.R.Civ.P. 20(a).

*Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).

The transactional test requires that, to be joined, parties must assert rights, or have rights asserted against them, that arise from related activities – a transaction or an occurrence or a series of such. "In ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, a case by case approach is generally pursued. No hard and fast rules have been established under the rule." *Id.* at 1333. Courts look at each case individually to determine whether the claims are logically related, thereby allowing "all reasonably related claims for relief by or against different parties to be tried in a single proceeding." 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE 2D § 1653. Here, the record indicates that the parties and claims are not reasonably related or properly joined.

*Defendants Are Improperly Joined*

The thirty-four Defendants' individual initiation of separate "credit report pulls" of Plaintiff's credit over a period of many months fails to satisfy the standards established by Federal Rule of Civil Procedure 20 because theses acts do not arise out of the same transaction, occurrence, or series of transactions or occurrences. The record is bereft of any allegation that the thirty-four Defendants are jointly or severally liable to Plaintiff other than each Defendant initiated a credit bureau pull. Thus, Plaintiffs' claims against the Defendants must have arisen from the same transaction or occurrence to satisfy the permissive joinder preconditions.

Based on Plaintiff's Complaint (Doc. 1), the only commonality that these Defendants share is that they each independently initiated credit report pulls allegedly without his permission. Plaintiff states in his Response to the Order to Show Cause that "*it may be* that some or all of the Defendants have attempted to collect on the same alleged debt." Doc. 9. He also argues that "it is impossible for [him] to provide evidence before proceeding to the discovery stage of the law suit" and that the Court should apply a liberal pleading standard used for *pro se* claims to the joinder of his claims. Plaintiff

misapprehends the law of permissive joinder. Simply because these 34 Defendants may have sought credit bureau information on him does not mean that his claims against them arise out of the same transaction or occurrence or are logically related. To view this scenario as satisfying the same transaction or occurrence standard would effectively nullify that test. When the meaning of a rule or statute is clear and unambiguous it must be given effect. Federal Rule of Civil Procedure 20 refers to the *same* transaction or occurrence not to *similar* transactions or occurrences.

Due to the lack of an uniformity between the Defendants, and the absence of any evidence attesting to joint action other than Defendants' initiating credit report pulls, and the lack of any connective nexus among the Defendants, Plaintiff has not satisfied the preconditions for permissive joinder set forth in Federal Rule of Civil Procedure 20. It is it is respectfully **RECOMMENDED** that Plaintiff's claims against the various Defendants be **SEVERED** and he be ordered to file a separate action against each Defendant.

**RECOMMENDED** in Orlando, Florida on this 2nd day of November, 2010.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Unrepresented Parties
Counsel of Record